UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY XAVIER SANCHEZ, | Case No. 1:25-cv-01949-HBK |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1] |
| KERN COUNTY SHERIFF'S DEPT., | (Doc. 7) |
| Defendant. | FOURTEEN-DAY DEADLINE |

Pending before the court for screening under 28 U.S.C. § 1915A is Plaintiff's First Amended Complaint. (Doc. 7). For the reasons set forth below, the undersigned recommends the district court dismiss this action because the First Amended Complaint fails to state a cognizable federal claim and any further amendments would be futile.

SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules prohibit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  A litigant must file unrelated claims in separate lawsuits.

2

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a pretrial detainee proceeding pro se and *in forma pauperis*, initiated this civil action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The complaint named the Kern County Sheriff Department as the sole defendant and cryptically alleged three causes of action stemming from a riot at the jail. (*See generally Id.*). On January 16, 2026, the court screened the complaint and found that it failed to state any cognizable constitutional claim. (*See* Doc. 6). The court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to file an amended complaint. (*Id.*).

Plaintiff timely filed a First Amended Complaint naming again the Kern County Sheriff's Department as the sole defendant. (Doc. 7 at 2). The First Amended Complaint is sparse and asserts two claims stemming from a riot that occurred on June 14, 2025 at approximately 8:00 p.m. at the Lerdo Pretrial Facility while Plaintiff was a pretrial detainee: (1) failure to protect under the Fourteenth and Eighth Amendments; and (2) due process. (*Id.* at 3-4).

Due to their brevity, the court recites the facts in support of Plaintiff's failure to protect claim in full:

> The doors that are controlled by the Kern County Sheriffs Dept that separate protective custody inmates from general population opened allowing knife wielding inmates into a protective custody pod and the Sheriffs Dept failed to protect us causing mental and physical harm. A riot insued I sustained injuries to my right hand and PTSD

3

(Doc. at 3-4) (unedited).

The court also recites in full the brief facts in support of Plaintiff's due process claim:

> On 8/5/2025 I sent a letter to internal affairs regarding the 6/14/25 riot in the Lerdo pretrial facility internal affairs responded 9/22/25 stating on 7/01/25 a thorough investigation about my complaint was determined unfounded The riot happened June 14 2025 8pm the officer who investigated clearly did not do his job therefore stalling my civil case and denying me due process

(*Id*) (unedited).  As relief, Plaintiff seeks $875,000 for his physical and mental anguish.  (*Id.* at 5). Plaintiff states he has nightmares and was diagnosed with PTSD "due to the traumatic experience with the bold and violence of the riot."  (*Id.* at 5).

APPLICABLE LAW AND ANALYSIS

Plaintiff's First Amended Complaint suffers from the same pleading deficiencies as his original complaint.  As explained below, the operative pleading fails to adequately allege a *Monell* claim against the sole defendant.  Further, it fails to state either a failure to protect or due process claim.

A.  Monell Liability

Both of Plaintiff's claims arise under 42 U.S.C. § 1983, which requires a litigant to allege sufficient facts to show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation.  *King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).  City or county governments, including departments within them, such as the Kern County Sheriff's Department, cannot be held liable under § 1983 solely for the acts of their employees.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-

4

making authority 'delegated that authority to, or ratified the decision of, a subordinate.' " *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)); see also *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *Sylvester v. Sacramento Cty. Sheriff*, No. 24-3390, 2025 WL 3688721, at *4 (9th Cir. Dec. 19, 2025).

Plaintiff names the Kern County Sheriff Department as the sole defendant but does not identify any policy or custom promulgated by the Department or by any official to violate any of his constitutional or federal statutory rights. The court previously advised Plaintiff of the *Monell* requirements, yet the First Amended Complaint remains wholly devoid of facts identifying a specific department policy, pervasive practice, or custom that caused the June 14, 2025, incident. Furthermore, even if Plaintiff named an individual defendant who improperly opened the door, because Section 1983 does not allow for respondeat superior liability, the Kern County Sheriff's Department could not be held liable for the negligence of its employees absent an unconstitutional policy. *See Monell*, 436 U.S. at 691.

B. Failure to Protect

In his first claim, Plaintiff seeks damages for failing to prevent a riot and/or protect him during a riot. At the outset, because Plaintiff was a pretrial detainee at the time of the alleged acts, his failure to protect claims arises under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016). To state a Fourteenth Amendment failure to protect claim, a pretrial detainee must show: (1) the defendant made an intentional decision as to the plaintiff's conditions of confinement, (2) those conditions put the plaintiff at substantial risk of serious harm, (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious, and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro* at 1069. This showing requires the detainee to "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. at 1071.

Plaintiff's failure to protect claim suffers from the same deficiencies identified in the court's screening order on Plaintiff's original complaint.  In addition to not identifying a *Monell* claim against the sole defendant, Plaintiff does not identify any person whose acts or omissions caused the deprivation of his constitutionally protected rights.  Further, the operative complaint alleges only that a door between the protective custody wind and general population wing was somehow opened.  Thus, the operative complaint does not contain any facts from which the court can infer that any official was aware that a riot would erupt or that any inmates in general population had knives, yet alone that that Plaintiff was targeted by another inmate from general population.[2]  There are no facts to infer that any jail official failed to take reasonable steps to protect Plaintiff during a chaotic riot situation.  *Darbouze v. Los Angeles Cty. Sheriff*, No. 2:18-cv-2964-CJC-JDE, 2019 WL 8012684, at *7 (C.D. Cal. Sept. 18, 2019) (citing *Castro*, 833 F.3d at 1070-71) (finding that where a plaintiff fails to allege the specific risk factors known to officials, he cannot establish that  a defendant's conduct caused the resulting injury as required to state a Fourteenth Amendment failure to protect claim); *Stuckey v. Juarez*, No. 1:18-cv-01557-SAB, 2019 WL 3318540, at *7 (E.D. Cal. July 24, 2019), *report and recommendation adopted*, No. 1:18-cv-01557-LJO-SAB, 2019 WL 3956433 (E.D. Cal. Aug. 22, 2019) (finding amended complaint fails to allege sufficient facts that correctional officers failed to protect inmate during riot).  *See also Kessack v. Walla Walla Cnty.,* No. 4:13-CV-5062-EFS, 2014 WL 7344016, at *7 (E.D. Wash. Dec. 23, 2014) (finding correctional officer "cannot be found negligent for 'failing to prevent what he could not reasonably anticipate.'")(quoting *Riggs v. German,* 81 Wash. 128, 131, 142 P. 479 (1914)).

Accordingly, the First Amended Complaint falls woefully short of articulating a constitutional failure to protect claim under the Fourteenth Amendment.

C.  Due Process

Plaintiff's second claim stems from his apparent disagreement with the investigation conducted post-riot.  The Due Process clause provides a prisoner with two sources of protection

---

[2] For purposes of screening the court accepts Plaintiff's statement that he had an injury to his right hand as alleging that he was personally injured in the riot.

6

against unconstitutional state disciplinary actions.  An inmate may challenge a disciplinary action if it denies or restrains the inmate from the benefit of a state-created liberty interest in some "unexpected manner." *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995).  Alternatively, an inmate may challenge a disciplinary action if it imposes some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484; *see also Keenan v. Hall,* 83 F.3d 1083, 1088 (9th Cir. 1996).  If a liberty interest exists or the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.  *Sandin,* 515 U.S. at 484; *Keenan,* 83 F.3d at 1089.

Again, Plaintiff fails to allege a *Monell* claim against the sole defendant in connection with his due process claim.  Furthermore, Plaintiff's due process claim is based entirely on his dissatisfaction with an Internal Affairs investigation he deems "unfounded" but which does not state a viable federal claim.  (Doc. 7 at 4).  This is because there is no standalone constitutional right to a specific grievance procedure or an internal investigation.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  Thus, Plaintiff fails to set forth facts demonstrating any specific deprivation of a liberty interest resulting from this investigation.

Furthermore, Plaintiff's contention that the officer "did not do his job," thereby "stalling" his civil case, is vague, speculative, and fails to allege a specific injury.  *See Uy v. Lopez*, No. 1:22-cv-00963-JLT-HBK (PC), 2024 WL 991514, at *4 (E.D. Cal. Mar. 7, 2024), *report and recommendation adopted*, 2024 WL 1660741 (E.D. Cal. Apr. 17, 2024) (finding no due process violation where plaintiff failed to allege an injury from the alleged deprivation).  Plaintiff has not alleged an "atypical and significant hardship" required to trigger procedural safeguards.   Because the investigation itself does not implicate a protected liberty interest, the First Amended Complaint fails to state a viable due process claim.

CONCLUSION AND RECOMMENDATION

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice requires.  Fed. R. Civ. P. 15(a)(2).  The court is mindful that it must liberally construe the inartful pleading of pro se litigants.  In this instance, Plaintiff's First Amended Complaint essentially alleges the same allegations as of his original complaint and suffers from

7

the same deficiencies.  Because Plaintiff was afforded an opportunity to file an amended complaint and the First Amended Complaint does not cure any of the deficiencies of the initial complaint, the undersigned finds that granting leave to further amend would be futile and recommends this action be dismissed without further leave to amend in this action.  *See Halousek v. Verizon*, No. 2:22-cv-01728-TLN-JDP, 2023 WL 3955979, at \*2 (E.D. Cal. June 12, 2023), *report and recommendation adopted*, No. 2:22-cv-01728-TLN-JDP, 2023 WL 5021790 (E.D. Cal. Aug. 7, 2023) (denying leave to amend where amended complaint did not cure deficiencies but merely alleged same allegation as in original complaint).

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

Plaintiff's First Amended Complaint (Doc. 7) be dismissed under § 1915A for failing to state a claim, this case be dismissed without further leave to amend, and the Clerk be directed to close this case.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.


Dated:    February 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE